FILED
 2009 Feb-09 AM 10:50
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARY DAVIS,** | ) | |
| | ) | |
|  Claimant, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-08-S-851-S |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
|  Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant Mary Davis commenced this action on May 13, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying her claim for a period of disability, disability insurance, and supplementary security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of Dr. Rodney Swillie, claimant's treating neurologist, and that the ALJ failed to consider the combined effect of all of claimant's impairments on her ability to perform work activities. Upon review of the record, the court concludes these contentions are without merit.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source — even a treating source — that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Dr. Swillie signed a letter on May 2, 2007, in which he stated that he treated

plaintiff for a seizure disorder and "other co-morbidities includ[ing] obesity, and arthritis."[1]  Dr. Swillie also stated his opinion that claimant was "unable to work without times of being off two or more days per month."[2]  The ALJ concluded that Dr. Swillie's opinion was not supported by his own findings, or by the other medical evidence of record.[3]  This conclusion was supported by substantial evidence.  Dr. Swillie's notes reveal that claimant's seizures were infrequent, and Dr. Amar Parikh, another of claimant's treating physicians, noted that claimant should increase her physical activity.  Furthermore, both Dr. Swillie and Dr. Parikh consistently made clinical findings of no clubbing, cyanosis, or edema of the extremities; no tenderness in the calves, knees, or back; good range of motion in the ankles, knees and back; no neurological deficits; and no side effects from medication.[4]

The court also finds that the ALJ properly evaluated the combined effect of claimant's impairments and considered all of the relevant evidence, including evidence of claimant's obesity and seizure disorder.[5]

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly,

---

[1]Doc. no. 8, at Exhibit 1.
[2]*Id.*
[3]Tr. at 29-30.
[4]Tr. at 307-337, 347-484.
[5]*See, e.g.,* Tr. at 29-30.

the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.

The Clerk is directed to close this file.

    DONE this 9th day of February, 2009.

                                            _____
                                            United States District Judge